| | |
|---|---|
| STATE OF VERMONT<br>CHITTENDEN COUNTY, SS. | CHITTENDEN SUPERIOR COURT<br>Docket No. S587-09 CnC |

MICHAEL J. SNOW,
    Plaintiff,

v.

DAVID C. DEWEY,
    Defendant.

RECEIVED BURLINGTON, VT JUN - 4 2009 2:09-CV-137 CLERK'S OFFICE U.S. DISTRICT COURT

CHITTENDEN COUNTY CLERK FILED IN CLERK'S OFFICE MAY - 8 2009

## COMPLAINT

COMES NOW, Plaintiff, Michael J. Snow, by and through counsel Robert J. Kaplan, Esquire and JARVIS AND KAPLAN and states as his complaint against Defendant the following:

### The Parties

1. Plaintiff, Michael J. Snow (hereinafter "Mr. Snow") is a resident of the State of Vermont and County of Chittenden and has been so for more than six months prior to the commencement of this action.

2. Upon information and belief, at all relevant times herein, Defendant, David C. Dewey (hereinafter "Mr. Dewey") is a lawful resident of the State of Vermont and County of Chittenden and has been so for more than six months prior to this action.

### Factual Allegations

3. On or about May 15, 2006, at approximately 12:30 p.m., Mr. Snow was the driver of a motorcycle traveling west on West Lakeshore Drive in Colchester, Vermont.

4. On that same date and time, Mr. Dewey was operating a marked police cruiser belonging to the Colchester Police Department and traveling east on West Lakeshore Drive in Colchester, Vermont.

5. On that same date and time, Mr. Dewey was on duty as a patrol officer for the Colchester Police Department.

6. Mr. Dewey drove his vehicle across the double-yellow center divider line on West Lakeshore Drive into Mr. Snow's lane of travel in order to effect a motor vehicle stop of

JARVIS AND KAPLAN
ATTORNEYS AT LAW
SUITE 2E - PARK PLAZA
95 ST. PAUL STREET
P. O. BOX 902
BURLINGTON, VT
05402-0902
802-658-9411



Mr. Snow's motorcycle.

7. As a result of the proximity of Mr. Dewey's police cruiser, which was positioned in his lane of travel, Mr. Snow did not have time to stop and crashed into the front of Mr. Dewey's police cruiser.

8. Mr. Snow became trapped under Mr. Dewey's cruiser as a result of the collision.

9. Mr. Dewey attempted to back up his police cruiser to free Mr. Snow but instead dragged Mr. Snow along the ground under his police cruiser causing further injury to Mr. Snow.

10. Mr. Dewey did not have a legal justification to stop Mr. Snow, nor could he have reasonably believed that he had a legal justification to stop Mr. Snow, when Mr. Dewey drove his police cruiser into Mr. Snow's lane of travel in order to stop Mr. Snow.

11. The method employed by Mr. Dewey to attempt to stop Mr. Snow was unreasonable and constituted the use of excessive force.

12. Mr. Dewey could not have reasonably believed that the method he employed to attempt to stop Mr. Snow was reasonable or represented a reasonable use of force.

13. Mr. Dewey's actions in backing up his police cruiser with Mr. Snow trapped underneath the police cruiser were unreasonable and Mr. Dewey could not have believed such actions were reasonable.

14. Both vehicles involved in this collision suffered damage.

15. Mr. Snow sustained immediate injury from the collision.

16. Mr. Snow's injuries from the accident have required him to obtain medical care and treatment.

17. Mr. Snow has incurred medical bills as a result of the injuries he sustained in the collision.

18. Mr. Snow experienced, and continues to experience, pain, suffering, loss of enjoyment of life and economic loss as a result of the injuries he sustained in the collision.

## COUNT-I NEGLIGENCE

19. Paragraphs 1-18 above are incorporated and re-alleged herein.

20. Defendant was required to exercise reasonable care and prudence in the operation of his

JARVIS AND KAPLAN
ATTORNEYS AT LAW
SUITE 2E – PARK PLAZA
95 ST. PAUL STREET
P. O. BOX 902
BURLINGTON, VT
05402-0902
802-658-9411

motor vehicle.

21. Defendant failed to exercise reasonable care and prudence in the operation of his motor vehicle by using his vehicle to block Plaintiff's lane of travel.

22. Defendant's conduct amounts to negligence.

23. Plaintiff has suffered personal injury, pain and suffering, loss of enjoyment of life and has incurred medical expenses and lost wages as a direct and proximate result of his injuries arising from Defendant's negligence.

### COUNT II - NEGLIGENCE PER SE

24. Paragraphs 1-23 above are incorporated and re-alleged herein.

25. 23 V.S.A. § 1091 (a) prohibits the operation of a motor vehicle in a negligent manner.

26. Defendant's positioning of his vehicle in Plaintiff's lane of travel constitutes negligence and, therefore, constitutes a violation of 23 V.S.A. § 1091 (a).

27. 23 V.S.A. § 1038 (1) requires motorists to operate fully within their own lane of travel on roads with marked lanes.

28. 23 V.S.A. § 1031 (a) requires motorists to operate on the right half of the roadway.

29. Defendant positioned his police cruiser directly in Plaintiff's marked lane of travel and, therefore, violated 23 V.S.A. § 1038 (1) and 23 V.S.A. § 1031 (a).

30. The purpose of 23 V.S.A. § 1091, 23 V.S.A. § 1038 (1) and 23 V.S.A. § 1031 (a) are to protect motorists, including Plaintiff, from being harmed by conduct of the type committed by Defendant.

31. Defendant's conduct amounts to negligence per se.

32. Plaintiff has suffered personal injury, pain and suffering, loss of enjoyment of life and has incurred medical expenses and lost wages as a direct and proximate result of his injuries arising from Defendant's negligence per se.

### COUNT III - § 1983 CIVIL RIGHTS VIOLATION

33. Paragraphs 1 through 32 above are incorporated and re-alleged herein.

34. Defendant's attempt to stop Plaintiff constituted a violation of Plaintiff's rights

JARVIS AND KAPLAN
ATTORNEYS AT LAW
SUITE 2E - PARK PLAZA
95 ST. PAUL STREET
P. O. BOX 902
BURLINGTON, VT
05402-0902
802-658-9411

guaranteed by the Vermont State Constitution and the United States Constitution to be free from unreasonable search and seizure in contravention of 42 U.S.C. § 1983.

35. The methods employed by Defendant to effect a motor vehicle stop of Plaintiff were objectively and subjectively unreasonable and excessive, amounted to excessive force and constituted a violation of Plaintiff's rights guaranteed by the Vermont State Constitution and the United States Constitution to be free from unreasonable search and seizure in contravention of 42 U.S.C. § 1983.

36. Defendant is liable to Plaintiff for damages pursuant to 42 U.S.C. § 1988(b).

### COUNT-IV NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Paragraphs 1 through 36 above are incorporated and re-alleged herein.
38. The horrible collision suffered by Plaintiff, and the resulting physical and mental injuries to Plaintiff, caused him severe emotional distress.
39. The Defendant's negligence, as set out above, was a proximate cause of Plaintiff's severe emotional distress.
40. Defendant is liable to Plaintiff for negligently inflicting emotional distress upon him.

WHEREFORE Plaintiffs respectfully requests that the Court enter judgment in his favor against Defendant for:

A. Compensatory damages including pain and suffering and loss of enjoyment of life;
B. Medical bills;
C. Plaintiff's economic loss;
D. Prejudgement interest;
E. Plaintiff's attorney's fees and costs;

### PLAINTIFF REQUESTS TRIAL BY JURY

JARVIS AND KAPLAN
ATTORNEYS AT LAW
SUITE 2E – PARK PLAZA
95 ST. PAUL STREET
P. O. BOX 902
BURLINGTON, VT
05402-0902
802-658-9411

DATED at Burlington, Vermont this 8th day of May, 2009.

                        Respectfully Submitted,
                        MICHAEL J. SNOW
                        By Counsel

JARVIS AND KAPLAN

_/s/ Robert J. Kaplan_
Robert J. Kaplan, Esquire
95 St. Paul Street Suite 2E
Burlington, Vermont 05401
(802) 658-9411
(802) 658-35551 (facsimile)

JARVIS AND KAPLAN
ATTORNEYS AT LAW
SUITE 2E – PARK PLAZA
95 ST. PAUL STREET
P. O. BOX 902
BURLINGTON, VT
05402-0902
802-658-9411